UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00312-MR

| ANTHONY AIKENS, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| DAVID OSORIO, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e), [Doc. 1], and Plaintiff's motion to proceed in forma pauperis, [Doc. 4].

**I.   BACKGROUND**

Pro se Plaintiff Anthony Aikens ("Plaintiff") filed this action on July 13, 2022 pursuant to 18 U.S.C. § 1983, asserting violations of his right to equal protection under the Fourteenth Amendment. Plaintiff also purports to make claims of civil conspiracy, discrimination, false imprisonment, intentional infliction of mental and emotional distress, and violation of Article 9 of the N.C. Constitution. [Doc. 1 at 3]. Plaintiff names David Osorio and W.E. Ward, Jr., identified as Detectives for the Charlotte Mecklenburg Police Department (CMPD); C. M. Hopkins, identified as a retired CMPD Detective;

and Tim Flemming, identified as a coroner, as Defendants in this matter. [Id. at 2-3].

Plaintiff recently filed a similar action with this Court that was dismissed pursuant to 28 U.S.C. § 1915(g). [See Civil Case No. 3:22-cv-00057-MR, Doc. 16]. In that action, the Court learned that Plaintiff has previously filed numerous actions under 42 U.S.C. § 1983 in the Eastern, Western, and Southern Districts of New York. At least three of those actions were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for Plaintiff's failure to state a claim for relief. See Aikens v. Cerrito, No. 19-CV-5168, 2019 WL 4647209 (E.D.N.Y. Sept. 24, 2019); Aikens v. Herbst, No. 16-CV-772WMS, 2017 WL 2860452 (W.D.N.Y July 5, 2017); Aikens v. Royce, No. 14-CV-663 (KMK), 2016 WL 5720792 (S.D.N.Y. Sept. 30, 2016). Plaintiff has also filed at least two prior civil actions in this Court that were dismissed for Plaintiff's failure to state a claim for relief. See Aikens v. Mecklenburg County, No. 3:19-cv-389-FDW, 2019 WL 4458872 (W.D.N.C. Sept. 17, 2019); Aikens v. Putney, No. 3:19-cv-390-FDW, 2019 WL 4780896 (W.D.N.C. Sept. 30, 2019). Plaintiff acknowledges in the instant Complaint that he has had a case dismissed based on the three strikes rule. [Doc. 1 at 8]. Nonetheless, Plaintiff sought to proceed in forma pauperis in this action and the Clerk allowed Plaintiff to proceed without prepayment of the filing fee. [Docs. 4, 8].

## II. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Amended Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020).

As enumerated above, Plaintiff has filed at least five prior civil actions that count as strikes under § 1915(g). Plaintiff, therefore, remains subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury, which he has not done. The Court will dismiss Plaintiff's Complaint without prejudice and vacate the Order granting Plaintiff leave to proceed in forma

pauperis.

**Plaintiff is strongly admonished against filing future actions with this Court in which he seeks to proceed in forma pauperis. Plaintiff must pay the filing fee before he may proceed in action with this Court as provided in 28 U.S.C. § 1915(g). Should Plaintiff persist in filing actions without paying the filing fee, the Court will consider entering a pre-filing injunction against Plaintiff.**

## III. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Complaint as barred by the three-strikes provision of 28 U.S.C. § 1915(g) and vacate the Order granting Plaintiff in forma pauperis status.

**IT IS, THEREFORE, ORDERED** that:

(1) The Order waiving the initial partial filing fee and directing monthly payments from Plaintiff's inmate account [Doc. 8] is **VACATED**, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs [Doc. 4] is **DENIED**.

(2) Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

The Clerk of Court's Financial Department is instructed to reimburse Plaintiff for funds that have been collected for the payment of his filing fee, if

any, and to mail a copy of this Order to the New Hanover County Jail so that withdrawals from Plaintiff's inmate account for this case can be terminated.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: August 20, 2022

Martin Reidinger
Chief United States District Judge